UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>AMERICAN UNDERWRITING SERVICES, LLC.,<br><br>Debtor.<br>_____<br><br>AMERICAN UNDERWRITING SERVICES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PROSIGHT SPECIALTY MANAGEMENT COMPANY, INC., and NEW YORK MARINE AND GENERAL INSURANCE COMPANY,<br><br>Defendants. | Chapter 11<br><br>Case No. 18-58406-SMS<br><br>_____<br><br><br><br>Adv. Pro. No. _____ |

## COMPLAINT

**COMES NOW** the debtor, American Underwriting Services, LLC ("**AUS**"), through its undersigned attorneys, by way of Complaint (the "**Complaint**") against ProSight Specialty Management Company, Inc. and New York Marine and General Insurance Company ("**Defendants**"), and respectfully alleges as follows:

## JURISDICTION AND VENUE

1.      This adversary proceeding is commenced pursuant to Rules 7001, *et seq.* of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Sections 502(d), 547, 549,

and/or 550 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "**Bankruptcy Code**").

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b). This adversary proceeding is a "core" proceeding to be heard and determined by the Bankruptcy Court pursuant to 28 U.S.C. 157(b)(2)(B), (E), (F), and (O).

3. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## PARTIES

4. AUS is a Georgia limited liability company with its principal place of business located at 1255 Roberts Blvd., Suite 102, Kennesaw, Georgia 30144.

5. Upon information and belief, Defendant ProSight Specialty Management Company, Inc. is a New York corporation with its principal place of business located at 412 Mt. Kemble Avenue, Suite 300C, Morristown, New Jersey 07960.

6. Upon information and belief, Defendant New York Marine and General Insurance Company is an insurance company incorporated in the State of New York with its principal place of business located at 412 Mt. Kemble Avenue, Suite 300C, Morristown, New Jersey 07960.

7. Defendants obtained a judgment against AUS prior to the Petition Date (as defined herein) and prior to the Petition Date were creditors of AUS.

## RELEVANT PROCEDURAL BACKGROUND

8. On May 18, 2018 (the "**Petition Date**"), AUS filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia (the "**Bankruptcy Court**"), Case No. 18-58406-sms. No Trustee has been appointed and AUS remains in possession of its assets and continues in the management of its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

**Facts Common to all Counts**

9. Debtor is a program insurance underwriter based in Kennesaw, Georgia, offering products to fit the insurance needs of various transportation related businesses such as commercial auto liability, including business auto, auto physical damage, motor truck cargo, and general liability.

10. On November 29, 2017, a judgment was entered in the United States District Court for the Southern District of New York against AUS in favor of Defendants on a breach of contract claim.

11. On January 16, 2018, Defendants filed a garnishment action (the "**First Garnishment**") against AUS in the State Court of Gwinnett County, State of Georgia, Civil Action No. 18-GC-00073, which garnishment resulted in the Bank of North Georgia, a division of Synovus Bank ("**BONG**"), turning over $174,003.42 to the court on January 26, 2018. The court disbursed these funds to counsel for Defendants on March 8, 2018, and Defendants have since deposited these funds in a segregated account.

12. On January 30, 2018, Defendants initiated a garnishment action (the "**Second Garnishment**") against AUS in the State Court of Gwinnett County, State of Georgia, Civil Action No. 18-GC-00299, which garnishment resulted in BONG turning over $52,518.60 to the court on February 20, 2016. The court disbursed these funds to counsel for Defendants on May 17, 2018.

13. On February 6, 2018, Defendants initiated a garnishment action (the "**Third Garnishment**") against AUS in the State Court of Gwinnett County, State of Georgia, Civil Action No. 18-GC-00408, which garnishment resulted in BONG turning over $1,101.95 to the court on March 5, 2018 and $644.76 to the court on May 11, 2018. Upon information and belief, the funds have not yet been paid out of the court to Defendants.

14. On May 15, 2018, Defendants filed an amended affidavit of garnishment in the Third Garnishment case pending against AUS in the State Court of Gwinnett County. As a result, BONG recently notified AUS that it debited $224,863.23 in funds from AUS's bank account on May 21, 2018 (the "**Fourth Garnishment**").

15. At the time of the First Garnishment, Second Garnishment, Third Garnishment and Fourth Garnishment, AUS's liabilities exceeded its assets, thus rendering it insolvent.

## COUNT I – Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547

16. AUS repeats and reasserts the allegations of the foregoing paragraphs as if set forth fully herein.

17. On or within ninety (90) days prior to the Petition Date (the "**Preference Period**"), AUS made one or more transfers to the Defendants, through the State Court of Gwinnett County pursuant to the Fourth Garnishment, in the aggregate amount of $224,863.23 (the "**90-Day Transfer(s)**").

18. The 90 Day-Transfers were transfers of an interest in AUS's property.

19. The 90-Day Transfers were to or for the benefit of the Defendants, which were creditors of AUS at the time of each 90-Day Transfer.

20. The 90-Day Transfers were for or on account of an antecedent debt owed by AUS to the Defendants before each of the 90-Day Transfers was made.

21. The 90-Day Transfers were made while AUS was insolvent.

22. The 90-Day Transfers expanded the scope of Defendants' interest in AUS's property, which enabled the Defendants to receive more than the Defendants would have received if (a) the Bankruptcy Case was a case under Chapter 7 of the Bankruptcy Code; (b) the 90-Day

4

Transfers had not been made; and (c) the Defendants had received payment on the debt to the extent provided by the Bankruptcy Code.

23. Under Section 547 of the Bankruptcy Code, AUS is entitled to an order and judgment avoiding the 90-Day Transfers.

### COUNT II – Recovery of Post-Petition Transfers Pursuant to 11 U.S.C. § 549

24. AUS repeats and reasserts the allegations of the foregoing paragraphs as if set forth fully herein.

25. To the extent that Defendants received a transfer on account of obligations that arose before the Petition Date and that cleared after the Petition Date, such transfer(s) were unauthorized post-petition transfers (the "**Post-Petition Transfers**") and are avoidable under 11 U.S.C. § 549.

### COUNT III – Recovery of Preferential Transfers to 11 U.S.C. § 550

26. AUS repeats and reasserts the allegations of the foregoing paragraphs as if set forth fully herein.

27. Collectively, the 90-Day Transfers and the Post-Petition Transfers may be referred to herein as the "**Transfers**."

28. The Defendants are the initial transferee of the Transfers or the entities for whose benefit the Transfers were made, or the immediate or mediate transferees of the initial transferee receiving such Transfers.

29. Under Section 550 of the Bankruptcy Code, AUS is entitled to recover the avoided Transfers or the amount of the avoided Transfers from the Defendants.

**COUNT IV – Disallowance of Defendants' Claim(s) Pursuant to 11 U.S.C. § 502(d)**

30. AUS repeats and reasserts the allegations of the foregoing paragraphs as if set forth fully herein.

31. The Defendants are a transferee of transfers avoidable under Sections 547 and/or 549 of the Bankruptcy Code.

32. As a result of Defendants' receipt of the Transfers as alleged hereinabove and pursuant to Section 502(d) of the Bankruptcy Code, the Court is required to disallow any claim of the Defendants against AUS (the "**Claims**"), whether asserted in a proof of claim or scheduled on AUS's schedule of assets and liabilities, until or unless the Defendants pay to AUS the amount of the Transfers for which the Defendants are liable to AUS under Section 547, 549, and 550 of the Bankruptcy Code.

**RESERVATION OF RIGHTS**

33. AUS's intent through the filing of this Complaint is to recover <u>all</u> transfers made by AUS to or for the benefit of the Defendants during the applicable time periods and as such hereby expressly reserves its right to amend this Complaint to seek to recover any additional transfers received by the Defendants or that provided a benefit to the Defendants during the applicable time periods that may be discovered after the filing of this Complaint, including but not limited to the First Garnishment, Second Garnishment and Third Garnishment.

**WHEREFORE**, AUS respectfully requests that the Court enter judgment in its favor:

(a) That all Transfers avoidable under 11 U.S.C. §§ 547 and/or 549 in the aggregate amount of $224,863.23 be avoided;

(b) That all Transfers avoidable under 11 U.S.C. §§ 547 and/or 549 be recovered by AUS pursuant to 11 U.S.C. § 550;

(c)  Judgment in the aggregate amount of $224,863.23;

(d)  Disallowing, in accordance with 11 U.S.C. § 502(d), any Claims held by Defendants and/or their assignees until Defendants satisfy the judgment;

(e)  Awarding pre-judgment interest at the maximum legal rate running from the date of each Transfer to the date of judgment herein;

(f)  Awarding post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

(g)  Requiring Defendants to pay forthwith the judgment amount awarded in favor of AUS;

(h)  Awarding attorneys' fees and costs of suit to AUS; and

(i)  Granting AUS such other and further relief as the Court deems just and proper.

Respectfully submitted, this 22nd day of May, 2018.

          **SMALL HERRIN, LLP**
          Proposed Counsel to Debtor
          American Underwriting Services, Inc.

          By:  */s/ Benjamin S. Klehr*
               Gus H. Small
               Georgia Bar No. 653200
               Anna M. Humnicky
               Georgia Bar No. 377850
               Benjamin S. Klehr
               Georgia Bar No. 487931

Two Paces West, Suite 200
2727 Paces Ferry Road
Atlanta, GA 30339
(P) (770) 783-1800
gsmall@smallherrin.com
ahumnicky@smallherrin.com
bklehr@smallherrin.com